UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Dennis P. Reiber,

    Plaintiff,

  -vs-

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

**14-CV-978**
**DECISION AND ORDER**

---

## I. Introduction

Plaintiff Dennis P. Reiber ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), claiming that Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security ("Commissioner" or "defendant"), improperly denied his application for Social Security Supplemental Income benefits ("SSI"). Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On March 28, 2017, Magistrate Judge Jeremiah M. McCarthy issued a Report and Recommendation ("R&R") (Docket No. 19) recommending that plaintiff's motion be granted to the extent that the case is remanded to the Commissioner for further proceedings and that defendant's motion be denied. As discussed further below, the Court agrees with Judge McCarthy's findings and adopts the R&R in its entirety.

## II. Discussion

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections or only general objections are made, the district judge reviews the report and recommendation for clear error or manifest injustice. *E.g., DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In this case, neither party has filed any objections to Judge McCarthy's R&R. As a result, the Court reviews the R&R only for clear error.

Plaintiff filed his application for SSI on July 1, 2004. Administrative Transcript ("T.") 75, 127-32. Plaintiff alleged that he became disabled on July 1, 2004, as a result of the amputation of his left hand, a stomach condition, anxiety, and depression. *Id*. Plaintiff's initial application was denied and, on April 25, 2013, at plaintiff's request, Administrative Law Judge ("ALJ") Timothy McGuan conducted a hearing during which he took testimony from plaintiff. T. 45-65. The ALJ subsequently issued a decision denying plaintiff's claim for benefits. T. 22. On October 24, 2014, the Appeals Council denied plaintiff's request

for review, making the ALJ's determination the Commissioner's final decision. T. 4-8. Plaintiff then commenced this action. Judge McCarthy determined in the R&R that ALJ McGuan violated the treating physician rule by failing to consider or assign weight to the opinion of treating hand surgeon Dr. John J. Callahan that plaintiff was totally disabled. The Court agrees. The treating physician rule requires an ALJ to articulate "good reasons" for the weight assigned to a treating source's opinion. Here, as Judge McCarthy explained in the R&R, ALJ McGuan failed to discuss Dr. Callahan's opinion at all, resulting in legal error necessitating remand. The Court further agrees that, on remand, the Commissioner must fully consider the additional evidence submitted by plaintiff to the Appeals Council and, if appropriate, obtain an updated psychiatric report relating to plaintiff's limitations, if any, resulting from his mental impairment. Judge McCarthy's findings are well-supported by the record and applicable law. Having found no error in the R&R, clear or otherwise, the Court adopts it in its entirety.

**III. Conclusion**

For the reasons set forth in Judge McCarthy's thorough and well-reasoned R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 19) is hereby adopted in its entirety. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied and plaintiff's motion for judgment on the pleadings (Docket No. 7) is granted to the extent that the case is remanded to the Commissioner for further administrative proceedings

consistent with this Decision and Order and the R&R.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

                                              **s/Michael A. Telesca**

                                        _____
                                            MICHAEL A. TELESCA
                                       United States District Judge

Dated:     April 17, 2017
             Rochester, New York